IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REGAL BELOIT AMERICA, INC.,

                                                OPINION AND ORDER

            Plaintiff,

                                                14-cv-717-bbc

     v.

POWER RIGHT INDUSTRIES, LLC,
LLOYD'S EQUIPMENT CO., INC.,
LLOYD'S MATERIAL SUPPLY CO., INC.,
POWER SOURCE INDUSTRIES, INC.,
CASEY LLOYD, an individual, a/k/a and d/b/a Casey Lloyd
and BUZZ LLOYD, an individual, a/k/a and d/b/a Buzz Lloyd,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case represents a continuation of an attempt by plaintiff Regal Beloit America, Inc. to collect a debt for "a significant number of motors" that plaintiff supplied the various defendants since 2004. Cpt. ¶ 18, dkt. #1. In 2014, plaintiff's predecessor in interest obtained a default judgment in this court against defendants Power Right Industries, LLC, and Lloyd's Equipment Co., Inc. for more than $750,000 plus prejudgment interest. RBC Manufacturing Corporation v. Power Right Industries, LLC, No. 13-cv-133-bbc. In this case, plaintiff alleges that defendants Lloyd's Material Supply Co., Inc., Power Source Industries, Inc., Casey Lloyd and Buzz Lloyd are simply alter egos of defendants Power Right and Lloyd's Equipment and that the latter defendants have been using the other defendants to avoid paying the 2014 judgment. Plaintiff seeks a declaratory judgment that all

1

defendants may be held jointly and severally liable for the 2014 judgment, an order voiding any transfers of assets and funds to defendant Power Source from the other defendants and an order appointing a receiver.

Now before the court is defendants' motion to dismiss the case on three grounds, or in the alternative, to stay the case pending resolution of an action in California state court. In particular, defendants say that abstention is appropriate under the Wilton/Brillhart doctrine; the court may not exercise personal jurisdiction over several defendants; and plaintiffs have failed to state a claim upon which relief may be granted. Because I agree that abstention is appropriate, I need not resolve defendants' other arguments at this time. Sinochem Internationa Co. Ltd. v. Malaysia International Shipping Corp., 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." ).

## OPINION

In arguing that abstention is appropriate in this case, defendants rely on Regal Beloit America, Inc. v. Power Right Industries, LLC, No. ED CV 14-1008 (C.D. Cal. Oct. 6, 2014), in which the court abstained from deciding claims almost identical to those raised by plaintiffs in this case. In that case, the court abstained under the doctrine in Wilton v. Seven Falls Co., 515 U.S. 277 (1995), and Brillhart v. Excess Insurance Co., 316 U.S. 491 (1942), under which courts are instructed to decline jurisdiction in declaratory judgment actions if doing so: (1) avoids needless determinations of state law issues; (2) discourages

litigants from forum shopping; and (3) avoids duplicative litigation.

With respect to the first factor, avoiding unnecessary state law determinations, the district court cited a case pending in California state court involving many of the same parties as this case and stated that "[b]oth this action and the California Action involve the same or similar state law issues, specifically, who is liable for the unpaid balance of the orders shipped to Power Right and Lloyd's Equipment. Both proceedings only involve questions of state law." Dkt. #14, exh. c at 3.

With respect to the second factor, discouraging forum shopping, the court stated that plaintiff had not filed the federal action in California until the state court action had been pending for nearly a year. The court concluded that plaintiff had filed the federal action "as a response to, or at least in anticipation of, difficulties it feared it might encounter in the California Action, including the denial of its Motion for Summary Judgment based on the res judicata effect of the Judgment it obtained in the Wisconsin Action." Id. at 4.

Finally, with respect to the third factor, avoiding duplicative litigation, the court wrote that "the pending state court proceeding . . . favors the Court declining to exercise jurisdiction because the state law issues are the same, and procedural vehicles are available to Regal Beloit in state court to resolve the issues raised here." Id.

A potential threshold question raised by the federal case in California is issue preclusion, not with respect to the merits of any of plaintiff's claims, but with respect to abstention. Cf. Carr v. Tillery, 591 F.3d 909, 917 (7th Cir. 2010) (issue preclusion applies to rulings on procedural issues such as jurisdiction). Plaintiff does not identify any

3

differences between the scope of its claims in this case and those it tried to raise in federal court in California, so it is not clear why plaintiff should be entitled to attempt to persuade another federal court to intercede at this time. Although defendants have not yet raised issue preclusion as a defense, that does not necessarily bar the court from considering it. Preclusion doctrines are "not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but . . . also . . . on the avoidance of unnecessary judicial waste." Muhammad v. Oliver, 547 F.3d 874, 878 (7th Cir. 2008) (internal quotations omitted) (affirming district court's decision to raise claim preclusion sua sponte).

In any event, I see no reason to depart from the conclusion of the California district court, particularly because plaintiff all but ignores that court's decision in its briefs. Plaintiff's silence regarding the California district court's decision is telling. Although plaintiff makes conclusory assertions that the issues in this case and the state court case are different, plaintiff does not deny that it can obtain all the relief it needs in state court.

The only difference that plaintiff identifies between this case and the case it tried to bring in federal court in California is that the Western District of Wisconsin is the district where it obtained its original judgment against Power Right Industries and Lloyd's Equipment. In the absence of the two California cases, I might agree with plaintiff that it would make sense to file the new lawsuit here. But now that plaintiff has similar claims pending in state court and the federal court in California has rejected plaintiff's attempt to raise the same claims in a new case, I will follow the lead of the California federal court and decline to exercise jurisdiction over this case. If it turns out that plaintiff is unable to obtain

4

all the relief it wants in California, it is free to return to this court then.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Power Right Industries, LLC, Lloyd's Equipment Co., Inc., Lloyd's Material Supply Co., Inc., Power Source Industries, Inc., Casey Lloyd and Buzz Lloyd, dkt. #12, is GRANTED. This case is DISMISSED WITHOUT PREJUDICE to plaintiff Regal Beloit America Inc.'s refiling it after the conclusion of proceedings in California state court.

Entered this 21st day of January, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge