IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REGAL BELOIT AMERICA, INC.,

ORDER

Plaintiff,

14-cv-717-bbc

v.

POWER RIGHT INDUSTRIES, LLC,
LLOYD'S EQUIPMENT CO., INC.,
LLOYD'S MATERIAL SUPPLY CO., INC.,
POWER SOURCE INDUSTRIES, INC.,
CASEY LLOYD, an individual, a/k/a and d/b/a Casey Lloyd
and BUZZ LLOYD, an individual, a/k/a and d/b/a Buzz Lloyd,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Regal Beloit America, Inc. has filed a motion under Fed. R. Civ. P. 59(e) for reconsideration of the order in which I abstained from hearing this case, which is about an unpaid commercial debt.  In the order, I relied on a decision by the United States District Court for the Central District of California, in which the court also abstained from hearing substantially the same claims brought by plaintiff in this case.  The California district court pointed to a California state court case involving many of the same parties and the same issues, namely, "who is liable for the unpaid balance of the orders shipped to Power Right and Lloyd's Equipment." Dkt. #14, exh. c at 3.  In light of these other cases, I concluded that enough is enough and the game of "musical courts" should end, particularly because plaintiff made little attempt to explain why the California district court's decision should not

1

be preclusive on the issue of abstention.  Accordingly, I dismissed the case without prejudice to plaintiff's refiling it after the conclusion of proceedings in California state court.  Dkt. #21.

In its motion for reconsideration, plaintiff argues that this court believed incorrectly that the district court in California had abstained from hearing the same claims that plaintiff brought in this case.  In particular, plaintiff says that "the *only* claim the Central District of California reviewed, and ultimately abstained from hearing, was *a single count for declaratory judgment*. That single declaratory claim was all that was ever before the Central District of California." Plt.'s Br., dkt. #24, at 1 (emphasis in original).  Plaintiff seems to acknowledge that its *amended* complaint in the California district court and the complaint it filed in this court are essentially the same, but it says that the district court "never considered the [amended complaint] and issued its dismissal based only on the single pending declaratory judgment claim."  Id. at 2.

Because plaintiff did not develop an argument in its original brief about the scope of the decision by the California district court, that argument is forfeited.  Sigsworth v. City of Aurora, Illinois, 487 F.3d 506, 512 (7th Cir. 2007) ("[I]t is well-settled that a Rule 59(e) motion is not properly utilized "to advance arguments or theories that could and should have been made before the district court rendered a judgment.").  In any event, the argument is simply incorrect.  It is true that plaintiff filed its proposed amended complaint in the California district court while the motion to abstain was pending and that the court never adopted the proposed amended complaint as the operative pleading.  However, the district

court did not simply disregard the proposed amended complaint, as plaintiff suggests. Further, the court did not deny the motion for leave to amend on the ground that it was untimely or unfairly prejudicial.  Rather, the court denied the motion on the ground that the proposed amended complaint did not change the court's conclusion about abstention.  Dkt. #14, exh. c at 5.  Thus, the court necessarily decided that abstention was appropriate despite any new claims in the amended complaint.  Perhaps the California district court was wrong not to allow plaintiff to proceed with the proposed amended complaint, but if that is so, the proper remedy for that error was to file an appeal with the Court of Appeals for the Ninth Circuit, not to attempt an end run around the district court's decision by filing a brand new lawsuit.

In sum, I am not persuaded by plaintiff's argument that the decision of the California district court should not have preclusive effect, particularly because plaintiff does not identify any unfair prejudice that it will suffer as a result of abstention.  To the extent that the California district court was correct that plaintiff can obtain all the relief it wants in state court, then obviously this lawsuit is unnecessary.  However, as I noted in the previous order, to the extent that the California district court was wrong, plaintiff is free to return to this court after the conclusion of the proceedings in state court to obtain any relief to which it believes it is entitled but did not receive in state court.

ORDER

IT IS ORDERED that the motion for reconsideration filed by plaintiff Regal Beloit

3

America, Inc., dkt. #23, is DENIED.

Entered this 26th day of February, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge